IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE       )
                                 )
                                 )
        v.                )     I.D.   1107020432
                                 )
                                 )
KEVIN M. TOWNSEND,     )
                                 )
      Defendant.      )

## **ORDER**

1. In 2012 Defendant pled guilty to Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony and Conspiracy in the Second Degree. He was sentenced to twenty-five years, suspended after five years for the robbery conviction and five years for the weapons conviction. He also was sentenced to decreasing levels of probation for his robbery conviction and probation for his conspiracy conviction. His sentence also mandated he undergo certain specified drug treatment programs. In sum, Defendant was sentenced to ten years of non-suspended Level 5 time.

2. In March 2014 Defendant filed the instant Rule 61 motion seeking post-conviction relief. In his *pro se* motion he contended that he was misled by his attorney and the prosecutor into believing the court would sentence him to no more than eight years of non-suspended Level 5 time. Another Judge of this court appointed counsel for Defendant.

After reviewing the record, appointed counsel moved to withdraw because he could find no arguable issues to present in a Rule 61 motion.

3.    The gist of Defendant's motion is that "my attorney and the prosecution agreed to a certain amount of time and I got more." It is apparent, therefore, that the defendant is seeking to withdraw his guilty plea. Where, as here, the defendant has been sentenced, any motion to withdraw a guilty plea must be brought under Criminal Rule 61.[1] Accordingly the court must first decide whether Defendant's motion is procedurally barred. "It is well-settled that the Superior Court must address the procedural requirements of Rule 61 before considering the merits of a postconviction motion."[2]

4.    Rule 61 provides that a "motion for postconviction relief may not be filed more than one year after the judgment of conviction is final."[3] In the instant case Defendant's conviction became final in 2012, and he did not file this motion until 2014. It is therefore procedurally barred. The exceptions to the procedural bars in Criminal Rule 61 provide no help to Defendant. The only exception which is even arguably applicable here is Rule 61(i)(5) which provides that the "bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply. . .to a claim that

---

[1]  Superior Court Criminal Rule 32(d)("If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judgment of conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only by motion under Rule 61.")

[2]  *Evans v. State*, 2014 WL 4104785 (Del.)

[3]  Superior Court Criminal Rule 61(i)(4).

satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule." Defendant's motion does not satisfy that requirement. Rule 61(d)(2) provides that a motion for postconviction relief shall not be dismissed if either the defendant

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

Here Defendant has failed to plead *any* new evidence suggesting he was innocent, much less new evidence sufficient to create a strong inference he is actually innocent. Further he has not alleged any new rule of constitutional law which is applicable to his case. Consequently his motion will be summarily dismissed.

5. The court notes in passing that the underlying premise of Defendant's motion—that he was mislead into believing he would receive the recommended sentence—is untrue. Defendant, who was sworn immediately before the plea colloquy, acknowledged he was aware he could receive more than the recommended eight years at Level 5:

> THE COURT: Now, did Mr. O'Connell explain to you that if I accept your plea, the Court must sentence you to a minimum of six years in jail?

> DEFENDANT: Yes, sir.

3

THE COURT: And did he explain to you that the Court may send you to jail for up to 52 years?

DEFENDANT: Yes.

THE COURT: Did he explain to you that the Court is not obligated to follow the recommendation either of your attorney or the State's attorney?

DEFENDANT: Yes.

THE COURT: Did anyone promise you what sentence the Court will impose, if I accept your plea?

DEFENDANT: No sir.

THE COURT: Has anyone promised you anything at all in exchange for your plea?

DEFENDANT: No.


**WHEREFORE**, the motion of appointed counsel to withdraw is **GRANTED** and Defendant's Motion for Postconviction Relief is **DISMISSED.**


Dated: February 5, 2015

John A. Parkins, Jr.
Superior Court Judge


oc: Prothonotary
cc: Kevin M. Townsend, SBI 514718, HRYCI, Wilmington, Delaware
Joseph S. Grubb, Esquire, Department of Justice, Wilmington, Delaware
Christopher D. Tease, Esquire, Wilmington, Delaware

4